**REX SMITH PROPANE, INC.**

v.

**NATIONAL BANK OF COMMERCE.**

No. CA 3-6374-C.

United States District Court,
N. D. Texas,
Dallas Division.

March 15, 1974.

L. E. Creel, III, and John B. Atwood, III, Suzanne K. Perlman, Dallas, Tex., for plaintiff.

Harold Hoffman, Wynne, Jaffe & Tinsley, Dallas, Tex., for defendant.

## OPINION

WILLIAM M. TAYLOR, Jr., Chief Judge.

This is a suit in diversity over a cashier's check payable to Plaintiff in the sum of $16,216.00.

Mr. W. G. Noble, Jr., of Noble Petroleum Company, on September 24, 1971, ordered Defendant Bank to draw a cashier's check in the sum of $16,216.00 payable to Plaintiff and to draw the $16,216.00 from Noble Petroleum Company's account with Defendant. Later

that same day, Mr. Noble again called Defendant and spoke to the same officer that he had before, Mr. H. M. Meredith. He informed Mr. Meredith that Noble Petroleum Company was being placed in bankruptcy involuntarily. As the cashier's check had been typed up, signed by Mr. Meredith as Vice-President of Defendant, a debit slip drawn up on Noble Petroleum Company's account, but was still on his desk, Mr. Meredith had a credit slip countering the debit slip prepared and had the cashier's check cancelled. All of this was done the same day. The cashier's check never left the possession of Defendant.

As Plaintiff is a resident of Missouri, and Defendant a resident of Texas and the cashier's check was for over $10,000.00, there is jurisdiction in this Court. Venue is also proper here as it is the residence of Defendant.

Both sides have moved for summary judgment, the operative facts not being in dispute. The question presented is really whether or not Plaintiff had an interest in the cashier's check.

■■ It is elementary that the check in and of itself did not operate as an assignment of funds as the Uniform Commercial Code specifies that it does not, V.T.C.A., Bus. & Comm. Code, § 3.409. Plaintiff has not contended and plead other facts raising any issue as to assignment.

■■ Other than under an assignment theory, Plaintiff's only rights are under the U.C.C. As the case of Sheldon v. Stagg [1] said in relation to the old Negotiable Instruments Law, negotiable instruments have no vitality until they are delivered. This is still true under the Uniform Commercial Code.

■■ V.T.C.A., Bus. & Comm. Code, § 3.102(a)(1) says: " 'Issue' means the first delivery of an instrument to a holder or remitter." Delivery is defined in § 1.201(14) as voluntary transfer of possessions. "Negotiation is the transfer of an instrument in such form that the transferee becames a holder"—§ 3.-202(a). Section 1.201(20) says, " 'Holder' means a person who is in possession of a document of title or an instrument or an investment security drawn, issued or endorsed to him or to his order or to bearer or in blank." Subchapter C of Chapter 3, Commercial Paper, is entitled Rights of a Holder. The negotiable instruments portion of the U.C.C. as shown by these sections is predicated on the rights of a holder and one cannot be a holder without possession. Clearly, Defendant never issued the cashier's check and Plaintiff never possessed the check so it was never a holder.

■ Plaintiff has argued that Mr. Meredith was its agent and it therefore had possession. It is elementary that he was the drawer's, the Bank, agent. Mr. Noble asked the Bank to forward the check directly to Plaintiff. In doing so, Defendant would have been Noble Petroleum Company's agent.[2] At no time was Mr. Meredith ever Plaintiff's agent.

Plaintiff has not alleged any facts which show that it has now or ever has had any interest in the cashier's check upon which a claim for relief can be predicated. Therefore, Defendant's Motion for Summary Judgment should be granted. Defendant is requested to submit a proposed form of Judgment to the Court with a copy to Plaintiff for his inspection.

1. 169 S.W.2d 550 (Tex.Civ.App.1943).

2. 115 Tex. 53, 274 S.W. 554 (1925).