Maurice L. BARCLAY, Appellant,

v.

EPIC ASSOCIATES XXIV, Appellee.

No. 08–81–00221–CV.

Court of Appeals of Texas, El Paso.

Feb. 24, 1982.

P. B. Dover, Jr., Deer Park, for appellant.

Lanette Smith Joubert, Houston, for appellee.

Before STEPHEN F. PRESLAR, C. J., and WARD and OSBORN, JJ.

OPINION

OSBORN, Justice.

The trial court rendered a summary judgment for the balance due on a promissory note. We reverse and remand.

The note upon which suit was filed is signed in the following manner:

DE CRA HOMES

/s/ Maurice L. Barclay

MAURICE L. BARCLAY, President

The petition complains of "MAURICE L. BARCLAY d/b/a DE CRA HOMES, Defendant * * *." The answer contains a general denial and a sworn special plea that "Defendant, MAURICE L. BARCLAY is not liable in the capacity in which he is sued" as provided for in Rule 93(c), Tex.R. Civ.P. It also alleges the note was signed by Barclay only in the capacity of president of a corporation. The amended motion for summary judgment asserts Barclay is liable on the note and a copy is attached to the motion, along with an affidavit by an assistant vice president of Epic Associates XXIV which states that default has occurred and that $5,224.85 plus accrued interest is due and owing. An affidavit as to attorney's fees is also attached to the motion.

Mr. Barclay filed a reply to the motion in which he stated under oath that he was not liable in the capacity in which he was sued. He stated he signed only in his capacity of president of the corporation and not in his individual capacity.

The court entered judgment against Mr. Barclay for $5,224.85, plus interest, attorney's fees and costs. The Appellant presents three points of error, the first two of which contend that he is not liable individually because he executed the note in a representative capacity.

Section 3.403 of the Texas Business and Commerce Code provides in subparagraph (b)(1) that an authorized representa-

tive who signs his own name to an instrument is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity. Subparagraph (c) says:

> Except as otherwise established the name of an organization preceded or followed by the name and office of an authorized individual is a signature made in a representative capacity.

The note in this case complies with the provisions of Section 3.403(c) since it shows the name of the organization (De Cra Homes) followed by the name and office (Maurice L. Barclay, President) of the person signing the note and therefore the signature was made in a representative capacity. See Uniform Commercial Code comment 3. As the court stated in *Wolf v. Little John Corporation of Liberia*, 585 S.W.2d 774 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ)

> * * * [E]ven though there is ambiguity or confusion as to the actual identity of the principal, if the note contains the name of an organization followed by the name of an authorized individual, plus his office, there is a prima facie showing that the individual signed in a representative capacity, and is thus not personally liable on the note.

The case of *Seale v. Nichols*, 505 S.W.2d 251 (Tex.1974), is not controlling because in that case the note did not show that Carl V. Nichols had signed in a representative capacity.

It was not incumbent upon Appellant to attach any affidavit or file any exhibit with his response to the motion for summary judgment because the note itself, which was attached to the motion for summary judgment, showed on its face that the one signing did so in a representative capacity. Thus, the movant's own proof, coupled with the non-movant's response, raised a fact issue as to the capacity of the party signing the note. In fact, the note, when read in connection with Section 3.403, Tex. Bus. & Com.Code, would seem to establish conclusively that Barclay had no personal liability.

Appellee argues that De Cra Homes is not a corporation. We have no proof in the record to establish this contention. If, upon remand, admissions, interrogatories, or other proof shows conclusively that the entity for which Mr. Barclay signed is not a corporation, then he may be liable as the owner or proprietor of De Cra Homes. We sustain Points of Error One and Two. The judgment of the trial court is reversed and the case remanded to the trial court.