C.L. TYRA, Appellant,

v.

**DOWELL, A DIVISION OF DOW CHEMICAL, Appellee.**

No. 08–82–00183–CV.

Court of Appeals of Texas,
El Paso.

Dec. 8, 1982.

Appellant's Rehearing Denied
Jan. 12, 1983.

Richard D. Davis, Leeton & Leeton, Midland, for appellant.

Harper Estes, Lynch, Chappell, Allday & Alsup, Midland, for appellee.

Before STEPHEN R. PRESLAR, C.J., and WARD and OSBORN, JJ.

OPINION

OSBORN, Justice.

This is an appeal from a summary judgment based upon a promissory note. We affirm.

Dowell filed suit alleging that C.L. Tyra executed and delivered to it for a valuable consideration a promissory note dated March 9, 1978, in the original principal sum of $219,004.68. The pleadings alleged Dowell is the present owner and holder of the note, and that demand had been made for payment, and that the balance due is $164,-928.11. Attached to the pleading as an exhibit was what was alleged to be "[a] true and correct copy of such note." Tyra filed a general denial and a cross-action, and the cross-action was severed out of this case when judgment was entered on the note.

Attached to the motion for summary judgment, which recited that it was based upon "admissions, deposition and affidavits on file," was the affidavit of Gary Ridge, manager of customer financial services for Dowell, who stated that a true and correct copy of the note was attached to plaintiff's original petition. He also stated Dowell "is the present owner and holder of said promissory note." In reply to request for admissions, Tyra admitted that he "executed the promissory note attached to Plaintiff's Original Petition as Exhibit 'A' on or about March 9, 1978." In the deposition of Mr. Tyra, he identified Exhibit No. One as a true and correct copy of the note he executed and said that he signed it in 1978. He said he had made some payments on the note, but was not sure of the current balance due at that time.

The Appellant presents one point of error, contending the trial court erred in granting the motion for summary judgment because the Appellee failed to establish that it was currently the holder and owner of the promissory note.

This same issue was raised in *Perkins v. Crittenden,* 462 S.W.2d 565 (Tex.1970), where the court said that a general denial of the defendant places the burden of proof

on the plaintiff to prove that he is the owner or holder of the note.

In *Hidalgo v. Surety Savings and Loan Association,* 462 S.W.2d 540 (Tex.1971), the Texas Supreme Court announced that pleadings, even though sworn to, do not constitute summary judgment proof. They outline the issues, but they are not evidence.

Two years later, Chief Justice Greenhill in *Texas National Corporation v. United Systems International, Inc.,* 493 S.W.2d 738 (Tex.1973), faced the same problem raised in other note cases where there was no sworn proof that the plaintiff was the owner and holder of the note sued upon. Those cases were reviewed, and the court concluded that if a sworn or certified copy, rather than the original of the note, is used, the motion or affidavit should clearly evidence that the plaintiff is the present owner and holder and in possession of the note.

The court again reviewed the requirements and necessary proof for summary judgment in a suit on a promissory note in *Life Insurance Company of Virginia v. Gar-Dal, Inc.,* 570 S.W.2d 378 (Tex.1978). Here, the court found the proof sufficient to sustain the trial court's summary judgment. After reviewing the affidavit of Ronald F. McRoberts, a vice-president of the plaintiff, which was a part of the summary judgment proof, the court said:

> In this cause plaintiff attached a properly identified photocopy of the note to the affidavit of McRoberts and McRoberts swore before an authorized person that the photocopy was a true and correct copy of the original note. We hold that the photocopy of the note attached to the affidavit under these circumstances was a "sworn copy" within the meaning of Rule 166–A(e) and that, therefore, it was proper summary judgment evidence.

It also said:

> It was also urged by defendants and found by the court of civil appeals that the affidavit of McRoberts is inadequate to support the judgment in that he did not swear that plaintiff was in *possession* of the note. In *Texas Nat. Corp. v. Unit-*

*ed Systems Internat'l., Inc., supra,* we said that if a sworn or certified copy, rather than the original of the note is used, "the motion or affidavit should clearly evidence that the plaintiff is the present owner and holder and in possession of the note." The case was reversed because the factual statements to support the motion for summary judgment were in the pleadings and not in a sworn motion or affidavit filed in support of the motion. Furthermore, although the original note was not attached to the motion for summary judgment filed by United Systems International, the affiant did not swear that plaintiff was the owner and holder of the note sued upon.

Here, McRoberts swore in his affidavit that plaintiff "is the sole owner and holder" of the note. As defined in Tex.Bus. & Comm.Code Ann. Section 1.201(20), " 'Holder' means a person who is in possession of a document of title or an instrument or an investment security drawn, issued or indorsed to him or to his order or to bearer or in blank." Furthermore, as defined in Webster's New Collegiate Dictionary, a "holder" is (1) a person that holds; (2) a person in possession of and legally entitled to receive payment of a bill, note or check. Thus, under either legal or lay terms, the affidavit of McRoberts, which was predicated upon sufficient facts to show personal knowledge, evidences that at the time of filing the motion for summary judgment plaintiff was the owner, holder and in possession of the note. This evidence stands uncontroverted by defendants and properly supports the summary judgment on the note.

In our case, Mr. Tyra identified a note which appears as an exhibit to his deposition as a true and correct copy of the note he signed. That note is signed by him, is dated March 9, 1978, and is payable to Dowell Division of the Dow Chemical Company. It is identical to the note attached to plaintiff's original petition. The affidavit of Gary Ridge states on or about March 9, 1978, C.L. Tyra executed a note in favor of

Dowell, Division of Dow Chemical Company, and that a true and correct copy is attached to the plaintiff's original petition. He also states Dowell is the present owner and holder of said promissory note.

We conclude that this proof is sufficient to establish that Dowell is the owner and holder of the promissory note. There is no need to use either the plaintiff's pleadings, or the exhibit attached thereto, to establish plaintiff's case. Mr. Tyra acknowledged that the copy of the note he identified, dated March 9, 1978, to Dowell, was a true and correct copy of the original note he signed. *See: Bailey v. Gulfway National Bank of Corpus Christi*, 626 S.W.2d 70 (Tex. App.—Corpus Christi 1981, writ ref'd n.r.e.). The affidavit of Mr. Ridge established that Dowell is the present owner and holder of the note signed by Mr. Tyra on March 9, 1978, in favor of Dowell. Appellant's Point of Error No. One is overruled.

The judgment of the trial court is affirmed.