John MENCHACA, Jr., Appellant,

v.

Carmen MENCHACA, Appellee.

No. 08–84–00112–CV.

Court of Appeals of Texas,
El Paso.

Oct. 31, 1984.

Stephen Spurgin, Fort Stockton, for appellant.

Phil J. Pollan, Fort Stockton, for appellee.

STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

## OPINION

OSBORN, Justice.

John Menchaca, Jr. appeals from a summary judgment entered in favor of his former wife for recovery of sums awarded to her out of his military retirement pay and providing for payment of future benefits.

Because the summary judgment proof does not support the judgment entered, we reverse and remand for further disposition by the trial court.

The Appellant obtained a divorce from the Appellee in Hawaii in December, 1976. That decree did not dispose of any property owned by the parties. In September, 1977, Appellee obtained a divorce in Texas which awarded to her a portion of Appellant's military retirement pay and divided other property between the parties. No payments have ever been made to the Appellee, and she filed this suit to collect the sums due and for future payments. The case was transferred on the sustaining of a plea of privilege to Pecos County for trial.

An amended pleading was filed and a copy of the Texas decree of divorce was attached. Appellee then filed a motion for summary judgment. No supporting affidavits, exhibits or depositions were attached or filed in support of the motion. At the hearing, the court swore both parties as witnesses and heard their oral testimony. By his first point of error, Appellant contends there is a complete absence of proper summary judgment proof. We agree.

■ Where the nonmovant has filed no response to a motion for summary judgment as provided for in Rule 166–A(c), Tex. R.Civ.P., only two issues may be raised on appeal. The nonmovant may attack the legal sufficiency of the grounds raised in the motion for summary judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). For example, if a defendant in a suit on a debt should plead the two-year statute of limitations and obtain a summary judgment, upon appeal the nonmovant could attack the legal sufficiency of the grounds raised in the motion because the limitation period for actions on a debt is four years. Article 5527, Tex.Rev.Civ.Stat. Or, if in a suit for damages arising out of the negligent conduct of the defendant, the defendant should obtain a summary judgment upon the basis of a voluntary assumption of risk, the nonmovant could attack the legal sufficiency of such grounds because that de-

fense has been abolished in negligence cases. *Farley v. M M Cattle Company*, 529 S.W.2d 751 (Tex.1975).

■ A nonmovant may also urge that the movant's proof was insufficient to establish as a matter of law the specific grounds relied upon by the movant. *Fantastic Homes, Inc. v. Combs*, 596 S.W.2d 502 (Tex.1979); *Duke v. Merkin*, 599 S.W.2d 877 (Tex.Civ.App.—El Paso 1980, no writ). For example, the summary judgment proof is insufficient: (1) if the supporting affidavits contain conclusions rather than a recitation of facts, *Brownlee v. Brownlee*, 665 S.W.2d 111 (Tex.1984); *Hidalgo v. Surety Savings and Loan Association*, 487 S.W.2d 702 (Tex.1972); *Box v. Bates*, 162 Tex. 184, 346 S.W.2d 317 (1961); (2) or if the necessary supporting documents are not attached to the motion, *Perkins v. Crittenden*, 462 S.W.2d 565 (Tex. 1970); *Chandler v. Carnes Company*, 604 S.W.2d 485 (Tex.Civ.App.—El Paso 1980, no writ); (3) or if the controverting affidavits or other evidence raises a fact issue. *"Moore" Burger, Inc. v. Phillips Petroleum Company*, 492 S.W.2d 934 (Tex.1972); *Barclay v. Epic Associates XXIV*, 631 S.W.2d 544 (Tex.Civ.App.—El Paso 1982, no writ).

■ In determining whether the evidence is sufficient to support a summary judgment, several well established rules must be recognized. First, pleadings, even if sworn to, do not constitute summary judgment proof. They outline the issues but they are not evidence. *Hidalgo v. Surety Savings and Loan Association*, 462 S.W.2d 540 (Tex.1971).

■ Second, no oral testimony shall be received at the hearing. Rule 166–A(c), Tex.R.Civ.P. Therefore, it is error to use "live" witnesses to present evidence at the hearing. *Richards v. Allen*, 402 S.W.2d 158 (Tex.1966); *Winston v. Frazier*, 493 S.W.2d 600 (Tex.Civ.App.—Corpus Christi 1973, no writ).

■ Third, unless the case is one properly decided on the pleadings, a motion for summary judgment must be supported by its own summary judgment proof as set out in Tex.R.Civ.P., Rule 166–A, and not by reference to the pleadings. The supporting proof must be filed with or attached to the motion and not to the pleadings. *Texas National Corporation v. United Systems International, Inc.*, 493 S.W.2d 738 (Tex. 1973); *Corpus Christi Municipal Gas Corp. v. Tuloso-Midway Independent School District*, 595 S.W.2d 203 (Tex.Civ. App.—Eastland 1980, writ ref'd n.r.e.); accord, *Tyra v. Dowell, A Division of Dow Chemical*, 644 S.W.2d 558 (Tex.App.—El Paso 1982, writ ref'd n.r.e.).

■ Fourth, in order for a plaintiff, as the moving party, to prevail, he must establish each element of his cause of action as a matter of law. *Matthews v. Houtchens*, 576 S.W.2d 880 (Tex.Civ.App.—Fort Worth 1979, no writ); *Estate of Furr*, 553 S.W.2d 676 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.). [An interlocutory summary judgment may be rendered on the issue of liability alone where there is a genuine issue as to the amount of damages. Tex.R. Civ.P., Rule 166–A(a).] The moving party is under no duty to negate affirmative defenses which have been raised only by the pleadings. *Nichols v. Smith*, 507 S.W.2d 518 (Tex.1974). Thus, if the nonmovant relies on an affirmative defense, he must come forward with summary judgment evidence sufficient to raise an issue of fact on each element of the defense to avoid summary judgment. *Brownlee v. Brownlee*, supra. But, the nonmovant is not required to come forward with evidence on issues which have been raised and relate to the movant's own case. *Zale Corporation v. Rosenbaum*, 520 S.W.2d 889 (Tex.1975).

■ Fifth, for the defendant, as the moving party, to prevail, he must establish as a matter of law that a fact required to establish at least one element necessary to the plaintiff's cause of action did not exist, or establish as a matter of law a defense to the alleged cause of action. *Mostek Corporation v. Chemetron Corporation*, 642 S.W.2d 20 (Tex.App.—Dallas 1982, no writ). Also see: R. McDonald, 4 Texas Civil Prac-

tice, sec. 17.26.2 (1984) and D. Hittner, Summary Judgments in Texas, 35 Baylor L.Rev. 207 (1983).

■ In this case there were no supporting affidavits, exhibits or other evidence attached to the motion for summary judgment. The pleading and the 1977 judgment attached to the pleading are not summary judgment evidence. The oral testimony of the parties cannot be considered. The Appellee is without evidence to support her motion for summary judgment. The first point of error must be sustained.

The judgment of the trial court is reversed and the cause remanded for further proceedings.