Kenneth LAYCOX, Appellant,

v.

JAROMA, INC., et al., Appellees.

No. 13–85–414–CV.

Court of Appeals of Texas,
Corpus Christi.

March 20, 1986.

Rehearing Denied April 17, 1986.

Leon Crum, John Wm. Black (on appeal only), Brownsville, for appellant.

Charles V. Willette, Brownsville, for appellees.

Before UTTER, SEERDEN and BENAVIDES, JJ.

## OPINION

UTTER, Justice.

This is an appeal from a summary judgment in a personal injury suit granted in favor of appellee, Jaroma, Inc. Suit was brought under the Jones Act, 46 U.S.C. § 688(a), for injuries allegedly incurred aboard the F/V Jason Wade, a ship owned by appellee. We affirm the judgment of the trial court.

Appellant's original petition was filed on September 18, 1984. On April 4, 1985, appellee filed its request for admissions of fact and served appellant with a copy on the same date. Appellant did not timely answer this discovery request, nor did he object to the form of the statements or seek additional time within which to answer. On May 9, 1985, appellee filed its Motion for Summary Judgment, asserting that appellant's failure to answer resulted

in each request for admission of fact being deemed admitted pursuant to TEX.R. CIV.P. 169. On May 15, 1985, appellant filed his responses to appellee's request for admissions of fact, although permission to do so was not requested from or granted by the trial court. The trial court granted the summary judgment on June 7, 1985. On June 27, 1985, appellant filed a "motion for leave to file responses to requests for admissions," twenty days *after* the summary judgment was granted. No ruling was obtained on this motion.

The pertinent portion of Rule 169 is as follows:

The matter is admitted without necessity of a court order unless, within thirty (30) days after service of the request, or within such time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney....

Appellant's failure to timely answer these requests for admissions, timely file written objections, or obtain leave of court to file the answers late, resulted in each request for admission being deemed admitted pursuant to Tex.R.Civ.P. 169. Failure to obtain a ruling on the motion for leave to file late responses precludes complaint of the action of the trial court in deeming the requests for admission admitted. *See, Texas Employer's Insurance Ass'n. v. Bragg,* 670 S.W.2d 712 (Tex.App. —Corpus Christi 1984, writ ref'd n.r.e.).

As stated in appellant's brief, the narrow question before this Court is whether the above requests for admission are appropriate requests that may be deemed admitted.

The requests for admission complained of are:

[1] The Plaintiff was not injured on board the F/V Jason Wade.

[2] On or about September 4, 1984, the F/V Jason Wade was seaworthy.

[3] The F/V Jason Wade's owners, operators, captain and crew were not negligent on or about September 4, 1984.

In order to prevail on a summary judgment motion, a defendant must show by summary judgment evidence that at least one of the elements of plaintiff's cause of action has been conclusively established against the plaintiff. *Sakowitz, Inc. v. Steck,* 669 S.W.2d 105 (Tex.1984); *Luna v. Daniel International Corp.,* 683 S.W.2d 800 (Tex.App.—Corpus Christi 1984, no writ); *Manoogian v. Lake Forest Corp.,* 652 S.W.2d 816 (Tex.App.—Austin 1983, writ ref'd n.r.e.). In the case before us, appellant admits in his brief that "the first requisite to a Jones Act suit is that a seaman suffer personal injury in the course of his employment. If a claimant is to make a recovery, he must then further prove either the unseaworthiness of the vessel upon which he was injured or the negligence of the vessel's owner, master, crew or agents." [citation omitted] Having admitted, by failing to answer the requests for admissions, that he was not injured on board the F/V Jason Wade, at least one essential element of appellant's cause of action was conclusively established against him. *Smith v. Home Indemnity Co.,* 683 S.W.2d 559, 562 (Tex.App.—Fort Worth 1985, no writ). Deemed admissions can be used in support of summary judgment. *Elkins v. Jones,* 613 S.W.2d 533 (Tex.Civ.App. —Austin 1981, no writ). This alone entitled appellee to summary judgment.

Appellant further contends that the request for admissions "called for ultimate conclusions and opinion, both of fact and law." The first request was clearly a proper request for admission of fact. As to the second two requests, new Rule 166b(2)(a), effective April 1, 1984, has changed prior practice regarding requests for admission by providing that "it is ... not ground for objection that a request for admission propounded pursuant to Rule 169 relates to statements or opinions of fact or of the application of law to fact or mixed questions of law and fact...." Appellant's sole point of error is overruled.

The judgment of the trial court is AFFIRMED.