**UNIVERSITY STATE BANK, Appellant,**

**v.**

**ALLIED CONROE BANK, Appellee.**

**No. A14–85–868–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 8, 1986.

Rehearing Denied June 5, 1986.

Mark David, Don Campbell, Dallas, for appellant.

Jeffrey L. Rogers, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

## OPINION

ROBERTSON, Justice.

Appellant, University State Bank, appeals from an adverse judgment in favor of appellee, Allied Conroe Bank, in an action to recover on a cashier's check. The question presented is whether the bank issuing a cashier's check may refuse to honor it and assert a defense to its payment. We hold it may not do so and affirm.

The facts are not in dispute. James Rogers was doing business under several assumed names. He was a customer of several banks, including appellant (University), appellee (Allied) and American Bank. In what appellant terms a check-kiting scheme, which statement is not disputed by appellee, Rogers purchased from appellant two cashier's checks. The check which is the subject of this controversy was in the amount of $220,000. He purchased the cashier's check with a check drawn on one of his accounts at the appellant bank. There were insufficient "available" funds in the account, but a check in the sum of $250,000, drawn on an account at American Bank had been deposited to the account. Before issuing the cashier's check, an officer of appellant bank called American Bank and was advised that the $250,000 "check had cleared." The cashier's check was then issued by appellant payable to Allied Conroe Bank (appellee). The cashier's check was deposited with appellee and the entire amount was applied to an overdrawn account. However, when the check was returned to appellant for payment, payment was refused, the words "payment stopped" were placed on the front and back of the check and it was returned to appellee.

In its sole point of error appellant contends judgment in favor of appellee is erroneous because it "had a valid personal defense to payment of the check which it was legally entitled to raise." Appellant recognizes that "[t]he law is clear that it is not possible to stop payment on a cashier's check," but then argues that "stop payment is *not* the issue in this case" because it had the right to raise a defense "within the parameters of the conditions set forth in Section 3.306 and Section 3.408 of the Code." We do not agree.

We agree with appellee that *Wertz v. Richardson Heights Bank and Trust*, 495 S.W.2d 572 (Tex.1973) is dispositive of this case. That case establishes the following:

1. A cashier's check is a bill of exchange drawn by a bank upon itself and accepted in advance by the act of issuance and is not subject to countermand by either its purchaser or the issuing bank.

2. The bank's issuance of the check is also acceptance, by definition in Section 3.410 of the Texas Uniform Commercial Code, and constitutes an agreement by the bank to honor the check as presented.

3. Under Section 4.303 of the Texas Uniform Commercial Code a stop order comes too late to terminate or suspend the right or duty to pay the item if it is received after the bank has accepted or certified the item.

4. Since a cashier's check is accepted when issued, Section 4.303 of the Texas Uniform Commercial Code has the effect of preventing a bank from refusing payment on a cashier's check once it has been issued.

*Wertz*, 495 S.W.2d at 574.

We agree with appellee that appellant's attempt to draw a distinction between "dishonor" and "stopping payment" is, in the context of this case, a distinction without a

difference. Appellant's point of error is overruled.

The judgment is affirmed.