**In re Truman Frank and Kathleen Anne APPEL, Debtors.**

**Bankruptcy No. 93–21566–C–7.**

United States Bankruptcy Court, S.D. Texas, Corpus Christi Division.

May 6, 1994.

Ronald A. Simank, Corpus Christi, TX, for Citizens State Bank (creditor).

David V. Herin, Corpus Christi, TX, for debtor.

Michael B. Schmidt, Corpus Christi, TX, for the Chapter 7 Trustee.

### MEMORANDUM OPINION AND ORDER DENYING TRUSTEE'S MOTION FOR TURNOVER OF PROPERTY AND GRANTING MOTION OF CITIZENS STATE BANK FOR RELIEF FROM AUTOMATIC STAY

RICHARD S. SCHMIDT, Bankruptcy Judge.

On this day came on for consideration the Trustee's Motion for Turnover of Property, filed by D. Michael Boudloche, Chapter 7 Trustee (the "Trustee"), and the Motion for Relief from the Stay of an Act Against Property, filed by Citizens State Bank ("Citizens"). The Court, having heard the evidence and arguments of counsel, and having reviewed the pleadings and briefs on file herein, finds as follows:

### FINDINGS OF FACT

The facts are not in dispute. Citizens is a creditor of Truman Appel, the Debtor herein (the "Debtor"). The Debtor has four accounts at Citizens (the "Accounts"). Debtor filed for Chapter 7 relief on July 15, 1993. On July 21, 1993, the Trustee contacted Citizens and requested that Citizens turnover the Accounts to the Trustee on the basis that they are property of the estate. In compliance with the Trustee's letter, Citizens prepared four cashier's checks dated July 28, 1993, but did not deliver the checks to the Trustee. Citizens contacted its attorney and was advised that it had a common law right of set off which was dependent on possession of the funds. Citizens then refused to deliver the cashier's checks to the Trustee. Thereafter, Citizens filed its Motion for Relief from Stay and the Trustee filed his Motion for Turnover.

### CONCLUSIONS OF LAW

■ The right of set off is predicated on the existence of mutual debts. In the banking context, funds on deposit at a bank create a debtor-creditor relationship between the bank and the depositor. *Bandy v. First State Bank, Overton, Tex.*, 835 S.W.2d 609 (Tex.1992); *Bank One Texas, N.A. v. Sunbelt Savings F.S.B.*, 824 S.W.2d 557 (Tex.1992). When, as in this case, a depositor has debts owing to the bank, mutual debts exist and the bank has a right to set off. *Matter of Texas Mortgage Service Corp.*, 761 F.2d 1068, 1075, f.n. 11 (5th Cir.1985). Except for the operation of the automatic stay, the Bankruptcy Code does not affect the right of set off of mutual debts arising before the bankruptcy is filed. 11 U.S.C. § 553(a). If, however, the preparation of the cashier's checks by Citizens is not reversible, then there are no longer mutual debts between the Debtors and Citizens, and Citizens loses its right to set off.

■ The Trustee and the Debtor argue that Citizens may not dishonor or stop payment on the cashier's checks, relying on *University State Bank v. Allied Conroe Bank*, 712 S.W.2d 193 (Tex.App.–Hou.[14th Dist.] 1986, writ ref'd, n.r.e.) and *Wertz v. Richardson Heights Bank and Trust*, 495 S.W.2d 572 (Tex.1973). The crucial factual difference between the two cases relied on by the Debtor and the Trustee and this case is that, here, Citizens never delivered the cashiers checks to the Trustee. The cashier's checks never left Citizens' possession.

■ The cashier's checks in and of themselves "did not operate as an assignment of funds as the Uniform Commercial Code specifies [they] do not, V.T.C.A., Bus. & Comm. Code § 3.409." *Rex Smith Propane, Inc. v. National Bank of Commerce*, 372 F.Supp. 499, 500 (N.D.Tex.1974). The payee of a cashier's check "has no interest in the check until it is delivered to him." *Lawrence v. Central Plaza Bank & Trust*, 469 So.2d 201 at 204 (Fla.App., 2nd Dist.1985), *Rex Smith, supra.* at p. 500. The cashier's checks were never issued, as that term is defined in the U.C.C.

In *Rex Smith, supra.*, a corporation ordered a cashier's check from the defendant bank, payable to plaintiff, from the corporation's account. The bank prepared the check and drew the funds from the corporation's account. That same day, the corporate president called the bank and informed it that the corporation had been placed in involuntary

bankruptcy and did not want the cashier's check issued. The Bank then canceled the cashier's check and the payee on the check sued the bank. The Court held as follows:

> V.T.C.A. Bus. & Comm.Code, § 3.102(a)(1) says: " 'Issue' means the first delivery of an instrument to a holder or remitter." Delivery is defined in § 1.201(14) as voluntary transfer of possession. "Negotiation is the transfer of an instrument in such form that the transferee becomes a holder"—§ 3.202(a). Section 1.201(20) says, " 'Holder' means a person who is in possession of a document of title or an instrument or an investment security drawn, issued or endorsed to him or to his order or to bearer or in blank." Subchapter C of Chapter 3, Commercial Paper, is entitle Rights of a Holder. The negotiable instruments portion of the U.C.C. as shown by these sections is predicated on the rights of a holder and one cannot be a holder without possession. Clearly, Defendant never issued the cashier's check and Plaintiff never possessed the check so it was never a holder.

—372 F.Supp. at p. 500.

This Court adopts the reasoning in *Rex Smith*. To do otherwise would create preposterous results. For instance, suppose a Bank erroneously prepared a cashier's check payable to the wrong person. Under the Trustee's and Debtor's theory, the payee would be entitled to the funds even though the check resulted from the Bank's mistake.

For the reasons set forth above, the Court finds that the Trustee's Motion for Turnover of Property should be denied and Citizens Motion for Relief from Stay should be granted to allow it to exercise its common law right of set off.

It is therefore ORDERED that the Trustee's Motion for Turnover of Property is hereby DENIED.

It is further ORDERED that the Motion for Relief from the Stay of an Act Against Property, filed by Citizens State Bank is hereby GRANTED.