COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-048-CV
  
  
HANH 
H. DUONG AND                                                         APPELLANTS
DUONG 
& ASSOCIATES, P.L.L.C.
 
V.
 
BANK 
ONE, N.A. AND ANGIE NGUYEN                                     APPELLEES
 
 
------------
 
FROM 
THE 352ND DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
        This 
case involves the application of section 3.405 of the Texas Uniform Commercial 
Code. Tex. Bus. & Com. Code Ann. 
§ 3.405 (Vernon 2002). In one issue, appellants Hanh H. Duong (Hanh) and Duong 
& Associates, P.L.L.C. (Duong) contend that the trial court erred in 
granting summary judgment for appellees Bank One, N.A. and Angie Nguyen on 
appellants’ conversion, negligence, and fraud claims.  Because we hold 
that Bank One and Nguyen did not prove the “faithless employee” defense[1] under section 3.405 as a matter of law with respect to all 
of the instruments at issue, we affirm the summary judgment in favor of Bank One 
and Nguyen only in part and reverse and remand the remainder of the case for 
trial.
Background Facts
        Appellants 
sued a former employee, Prince Dao, for fraudulently indorsing twenty-eight 
checks made payable to appellants and clients—and one check drawn on Duong’s 
account and made payable to a third party, Spinal Care Clinic—and depositing 
them into an account at Bank One.  Appellants also sued Bank One and 
Nguyen, a Bank One assistant branch manager, for accepting the checks and 
depositing them into the account that Dao had opened with Bank One in the name 
“Law Office Legal and Translation Services.”
        Bank 
One and Nguyen served requests for admissions on appellants, one of which asked 
appellants to admit the following: “Prince Dao had authority to supply 
information determining the names or addresses of payees of instruments to be 
issued in your name.” Appellants replied as follows: “Plaintiffs are unable 
to comply with the discovery request because the phrase ‘supply information 
determining’ is vague, not defined, and left to interpretation. Subject to and 
without waiving the foregoing, admitted.”
        Bank 
One and Nguyen moved for summary judgment claiming that they had proven as a 
matter of law the faithless employee defense available under section 3.405 of 
the Texas Business and Commerce Code. That defense precludes an employer from 
recovering against a bank for the conversion of instruments fraudulently 
indorsed by an employee of the employer who has been entrusted with 
responsibility as to those instruments. See Tex. Bus. & Com. Code Ann. § 3.405. 
The trial court granted the summary judgment and severed appellants’ claims 
against Bank One and Nguyen from their claims against Dao, thus rendering the 
summary judgment final.
        On 
appeal, appellants contend that Bank One and Nguyen did not prove the defense as 
a matter of law because there is no evidence in the record that Dao had been 
entrusted with responsibility regarding the checks as required by section 3.405 
and that section 3.405(a)(3)(iv) applies only to checks issued in Duong’s name 
and not the checks in which appellants and clients were named as the payees.
Standard of Review
        In 
a summary judgment case, the issue on appeal is whether the movant met his 
summary judgment burden by establishing that no genuine issue of material fact 
exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); S.W. Elec. 
Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); City of Houston v. 
Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). The burden of 
proof is on the movant, and all doubts about the existence of a genuine issue of 
material fact are resolved against the movant. S.W. Elec. Power Co., 73 
S.W.3d at 215; Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 
1997); Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 
S.W.2d 41, 47 (Tex. 1965). Therefore, we must view the evidence and its 
reasonable inferences in the light most favorable to the nonmovant. Great Am., 
391 S.W.2d at 47.
        In 
deciding whether there is a material fact issue precluding summary judgment, all 
conflicts in the evidence are disregarded and the evidence favorable to the 
nonmovant is accepted as true. Harwell v. State Farm Mut. Auto. Ins. Co., 
896 S.W.2d 170, 173 (Tex. 1995). Evidence that favors the movant's position will 
not be considered unless it is uncontroverted. Great Am., 391 S.W.2d at 
47.
        The 
summary judgment will be affirmed only if the record establishes that the movant 
has conclusively proved all essential elements of the movant's cause of action 
or defense as a matter of law. Clear Creek Basin, 589 S.W.2d at 678.
Section 3.405
        Section 
3.405(b) provides as follows:
  
For the purpose of determining the rights and liabilities of a person who, in 
good faith, pays an instrument or takes it for value or for collection, if an 
employer entrusted an employee with responsibility with respect to the 
instrument and the employee or a person acting in concert with the employee 
makes a fraudulent indorsement of the instrument, the indorsement is effective 
as the indorsement of the person to whom the instrument is payable if it is made 
in the name of that person. If the person paying the instrument or taking it for 
value or for collection fails to exercise ordinary care in paying or taking the 
instrument and that failure contributes to loss resulting from the fraud, the 
person bearing the loss may recover from the person failing to exercise ordinary 
care to the extent the failure to exercise ordinary care contributed to the 
loss.
 
Tex. Bus. & Com. Code Ann. § 3.405(b). “Responsibility” is 
defined as
   
authority (i) to sign or indorse instruments on behalf of the employer, (ii) to 
process instruments received by the employer for bookkeeping purposes, for 
deposit to an account, or for other disposition, (iii) to prepare or process 
instruments for issue in the name of the employer, (iv) to supply information 
determining the names or addresses of payees of instruments to be issued in the 
name of the employer, (v) to control the disposition of instruments to be issued 
in the name of the employer, or (vi) to act otherwise with respect to 
instruments in a responsible capacity. “Responsibility” does not include 
authority that merely allows an employee to have access to instruments or blank 
or incomplete instrument forms that are being stored or transported or are part 
of incoming or outgoing mail, or similar access.
  
Id. 
§ 3.405(a)(3).
        Section 
3.405 adopts a system of comparative negligence between an employer who grants 
an employee responsibility with respect to an instrument and a bank. See S.W. 
Bank v. Info. Support Concepts, Inc., 149 S.W.3d 104, 107-08 (Tex. 2004). 
The initial risk of loss in this situation is on the employer “based on the 
belief that the employer is in a far better position to avoid the loss by care 
in choosing employees, in supervising them, and in adopting other measures to 
prevent forged indorsements on instruments payable to the employer or fraud in 
the issuance of instruments in the name of the employer.” Tex. Bus. & Com. Code Ann. § 3.405 
cmt. 1; S.W. Bank, 149 S.W.3d at 108. But such an employer can shift part 
of the responsibility to a bank to the extent it can prove that the bank’s 
failure to exercise ordinary care contributed to the employer’s loss. See 
Tex. Bus. & Com. Code Ann. § 
3.405 cmt. 1; S.W. Bank, 149 S.W.3d at 108.
Admissibility of Requests for Admission
        Appellants 
argue that there is no evidence Dao was entrusted with responsibility as to any 
of the checks. The only evidence in the summary judgment record arguably showing 
that Dao had responsibility as to any of the instruments consists of Dao’s and 
appellants’ answers to requests for admissions propounded by Bank One and 
Nguyen. While Dao admitted in his responses that he had been entrusted with 
responsibility as to instruments payable to and issued in Duong’s name, his 
admissions may not be used as summary judgment evidence against another party, 
i.e., appellants. See Tex. R. Civ. 
P. 198.3; Hartman v. Trio Transp., Inc., 937 S.W.2d 575, 578 (Tex. 
App.—Texarkana 1996, writ denied). Thus, Dao’s answers do not prove the 
faithless employee defense under section 3.405 as a matter of law.
        As 
to appellants’ answer to request for admission number 6, appellants contend 
that their response to that request is not admissible because it is unduly vague 
and it constitutes a legal conclusion. They further claim that the trial court 
abused its discretion by denying their request to withdraw the qualified 
admission and substitute a denial.
        We 
do not believe that request number 6 is unduly vague. It tracks the language of 
the statute, which is further clarified by commentary. Comment 3 even sets forth 
an example of a situation in which an employee “supplies information” as to 
the payees of checks to be issued by the employer. Tex. Bus. & Com. Code Ann. § 3.405 
cmt. 3. Additionally, appellants objected to several other of the requests as 
vague, but instead of providing a qualified admission or denial to those 
requests, they provided no answer at all.
        We 
also do not believe that the admission constitutes a legal conclusion. Answers 
constituting admissions of law are not binding on a court. Esparza v. Diaz, 
802 S.W.2d 772, 775 (Tex. App.—Houston [14th Dist.] 1990, no writ). But a 
request for admission may properly ask a party to apply the law to a set of 
facts. See Tex. R. Civ. P. 
198.1; Fort Bend Cent. Appraisal Dist. v. Hines Wholesale Nurseries, 844 
S.W.2d 857, 858 (Tex. App.—Texarkana 1992, writ denied). Answers to these 
types of requests are competent summary judgment evidence. See Laycox v. 
Jaroma, Inc., 709 S.W.2d 2, 4 (Tex. App.—Corpus Christi 1986, writ ref’d 
n.r.e.).
        Here, 
request number 6 asked appellants if Dao had authority to “supply information 
determining the names or addresses of payees of instruments to be issued in 
[Duong’s] name.” Although the language of the request tracks the language 
used in the statute, the inquiry itself is factual: the request asks whether or 
not the facts of the case fit the definition of one of the types of 
responsibility set forth in the statute. Once established, the fact that an 
employee has responsibility with respect to certain instruments may have legal 
implications—i.e., it may establish the section 3.405 faithless employee 
defense with respect to the instruments with which the employee is entrusted 
with responsibility—but whether an employee actually has responsibility 
remains a question of fact. Although the phrase “supply information 
determining the names or addresses of payees” may mean something different to 
each of the parties, that does not change the factual nature of the inquiry. 
Thus, appellants’ admission was factual in nature and could properly be 
considered by the trial court as summary judgment evidence. See Laycox, 
709 S.W.2d at 4.
        Appellants 
further contend that the trial court abused its discretion by denying their 
request to substitute a denial for the qualified admission to request number 6. 
A party may substitute a new response to a request for admission by showing (1) 
good cause for the substitution, (2) that the party relying on the response will 
not be unduly prejudiced, and (3) that the presentation of the merits of the 
action will be preserved. Stelly v. Papania, 927 S.W.2d 620, 621 (Tex. 
1996). A party can establish good cause by showing that its answer was 
accidental or the result of a mistake, rather than intentional or the result of 
conscious indifference. Id.
        In 
their response to Bank One and Nguyen’s motion for summary judgment and in 
Hanh’s affidavit attached as evidence, appellants contended that Hanh was 
confused about the scope of the request and that she thought appellants must 
admit it because Dao had been entrusted with responsibility to open mail and 
give Hanh any bills that needed to be paid. But summary judgment pleadings are 
not evidence, see Wilson v. Burford, 904 S.W.2d 628, 629 (Tex. 1995), and 
the trial court struck the portion of Hanh’s affidavit that appellants rely 
on. On appeal, appellants do not challenge the trial court’s ruling striking 
portions of Hanh’s affidavit. Thus, appellants did not present any evidence of 
good cause upon which the trial court could rely to strike the admission to 
request number 6. Even if they had, however, the trial court was within its 
discretion to determine that appellants had not shown good cause to substitute a 
denial for their admission because appellants denied the other requests 
propounded by Bank One and Nguyen that track the language of section 3.405(a), 
and section 3.405(a)(3) clearly provides that an employee is not entrusted with 
responsibility if he has access to instruments only through the mail. Tex. Bus. & Com. Code Ann. § 
3.405(a)(3). Accordingly, we do not believe appellants have shown that the trial 
court abused its discretion in denying their request to substitute a denial for 
their admission to request number 6.
        Based 
on the foregoing, we further conclude that appellants have not shown that the 
trial court impermissibly considered their admission to request number 6 as 
summary judgment evidence.
Scope of Section 3.405(a)(3)(iv)
        Appellants 
argue further that even if their admission constitutes competent summary 
judgment evidence, summary judgment was not proper as to all of the checks 
because the admission supports the conclusion that Dao was entrusted with 
responsibility as to only one of the checks: the check to Spinal Care Clinic 
drawn on Duong’s account. Bank One and Nguyen respond that appellants’ 
admission that Dao had responsibility with respect to one check (i.e., that he 
had authority “to supply information determining the names or addresses of 
payees of instruments to be issued” in Duong’s name) means that appellants 
are precluded as a matter of law from recovering against Bank One and Nguyen 
with respect to the remainder of the checks, which were issued by third parties 
payable to appellants and clients. We disagree.
        The 
plain language of section 3.405(b) applies to an instrument only if the 
“employer entrusted [the] employee with responsibility with respect to the 
instrument.” Tex. Bus. & Comm. 
Code Ann. § 3.405(b) (emphasis added). And comment 1 makes it clear that 
there is a difference between instruments payable to the employer and 
instruments issued in the name of the employer. Id. § 3.405(a)(3)(iv) 
& cmt. 1. Thus, appellants’ admission proves only that Dao had 
responsibility with respect to the check that was issued in Duong’s name to 
Spinal Care Clinic. Therefore, summary judgment was proper with respect to that 
check only and not with respect to the remaining checks, which were made payable 
to appellants and others, not issued in Duong’s name.
        Bank 
One and Nguyen contend that a recent Alabama case that interprets the same 
provision dictates a different result. Although we are not bound by precedent 
from other jurisdictions, we must construe provisions of the Texas Uniform 
Commercial Code so as “to make uniform the law among the various 
jurisdictions.” Tex. Bus. & Com. 
Code Ann. § 1.103(a)(3) (Vernon Supp. 2004-05); see also Tex. Gov’t Code Ann. § 311.028 
(Vernon 2005) (providing that “[a] uniform act included in a code shall be 
construed to effect its general purpose to make uniform the law of those states 
that enact it”).
        In 
Smith v. Amsouth Bank, Inc., Smith’s employee Utsey was hired to buy 
and sell vehicles on Smith’s behalf for Smith’s business, Specialty Motor 
Cars. 892 So.2d 905, 907 (Ala. 2004). In furtherance of this purpose, Utsey had 
the authority to receive, indorse, and deposit checks in Smith’s account. Id. 
Utsey formed a corporation, then opened a bank account for the corporation in 
the name of the corporation doing business as “Specialty Motor Cars.” Id.
        In 
response to Smith’s argument that he had not entrusted Utsey with 
responsibility because Utsey had “very limited authority concerning checking 
account matters,” the Alabama supreme court held that “the language in [the] 
definition does not require that some preponderance of [the six] factors be 
present, but, by the use of ‘or’ as the connector, states that any one of 
the listed factors will suffice.” Id. at 911. The court further stated 
that the evidence showed that Smith’s employee could “on at least some 
occasions” sign or indorse instruments on Smith’s behalf and “had 
authority to ‘process’ . . . instruments ‘for deposit to an account.’” 
Id. Therefore, he “most likely could ‘act . . . with respect to 
instruments in a responsible capacity.’” Id.
        In 
Smith, the type of responsibility entrusted to the employee was directly 
correlated to the employee’s fraudulent acts; in other words, Utsey was able 
to perpetrate the fraud because Smith gave him general authority to sign, 
indorse, and process checks payable to Smith’s business. Id. at 907, 
911. Here, the only evidence regarding Dao’s employment is the following: he 
was hired to “intake” new clients; “[h]is principal duty was to answer the 
phone, acquire relevant information from prospective clients calling in response 
to local advertising, and then provide that information to [Hanh] for review and 
appropriate action”; “he was responsible for opening the mail delivered to [Hanh’s] 
Arlington [o]ffice and giv[ing] it to [Hanh] as would any receptionist or mail 
room clerk”; and, as admitted by appellants, he had authority to supply 
information regarding the names or addresses of payees of instruments to be 
issued in Duong’s name. That Dao had the authority to supply such information 
does not show that he had any authority with respect to instruments payable to 
appellants; the only evidence regarding his duties with respect to those types 
of instruments is that he was entrusted to open the mail, which section 3.405(a) 
provides does not constitute “responsibility” under the statute. Tex. Bus. & Com. Code Ann. § 
3.405(a)(3). Nor does it show that he had the authority to “act otherwise . . 
. in a responsible capacity” with respect to those instruments. Id. § 
3.405(a)(3)(vi).
        Because 
we have determined that the evidence does not support the conclusion that 
appellants entrusted Dao with responsibility as to instruments payable to 
appellants, we hold that the trial court erred in granting summary judgment as 
to those checks.
No Evidence of Lack of Ordinary Care
        Appellants’ 
final claim is that the bank is not entitled to summary judgment as to the 
Spinal Care Clinic check[2]  because the bank did 
not prove that it used ordinary care in handling the check. But as we have 
previously explained, section 3.405 creates a comparative negligence scheme. S.W. 
Bank, 149 S.W.3d at 107-08. As explained in Southwest Bank,
   
The loss allocation provisions essentially “make an initial identification of 
the party upon whom loss generally should be imposed, based upon the particular 
type of factual circumstances, but then allow that party to shift at least part 
of that loss to other parties who contributed to that loss by their failure to 
exercise ordinary care.”
  
Id. 
at 108 (quoting Donald J. Rapson, Loss Allocation in Forgery and Fraud Cases: 
Significant Changes Under Revised Articles 3 and 4, 42 Ala. L. Rev. 435, 473 (1991)). Thus, 
once Bank One and Nguyen presented summary judgment evidence proving their 
entitlement to the faithless employee defense under section 3.405 as to the 
Spinal Care Clinic check, the burden shifted to appellants to present evidence 
raising a fact issue as to whether Bank One and Nguyen failed to exercise 
ordinary care with respect to the check. They did not; the portion of Hanh’s 
affidavit in which she claims the bank failed to exercise ordinary care 
regarding the fraudulent indorsements relates to the checks issued by third 
parties to appellants. We therefore conclude that the trial court did not err in 
granting summary judgment in favor of Bank One and Nguyen with respect to the 
Spinal Care Clinic check.
Conclusion
        Having 
determined that the trial court erred in granting summary judgment in favor of 
Bank One and Nguyen as to all but one of the checks, we sustain appellants’ 
sole issue in part, but overrule it as to the check issued on Duong’s account 
to Spinal Care Clinic. We affirm the summary judgment as to that check. We 
reverse the summary judgment as to the remaining checks and remand that part of 
the case for trial.
   
  
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE

 
 
PANEL 
B:   LIVINGSTON, GARDNER, AND MCCOY, JJ.
 
DELIVERED: 
April 7, 2005


NOTES
1.  
Former version also referred to as the “padded payroll rule.”  See 
Tex. Stadium Corp. v. Sav. of Am., 933 S.W.2d 616, 622 (Tex. App.—Dallas 
1996, writ denied).
2.  
Appellants’ brief raises this subissue as to all of the checks, but because we 
have determined that the trial court erred in granting summary judgment as to 
the checks payable to appellants (rather than the one check drawn on Duong’s 
account and made payable to Spinal Care Clinic, a third party), we address this 
issue with respect to that check only.