IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-08-00242-CV

 

In re
Christopher Jones

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

Relator Christopher Jones has filed an application
(petition) for writ of mandamus against Joyce Batson, the District Clerk of Madison
County relating to her alleged failure to file, serve, and process Jones’s
filings in an underlying action in which he is the plaintiff.

Neither the petition nor application nor the
affidavit was properly served on the District Clerk.  There was not a proper
proof of service of the petition (the certificate of service reflects service on
the Clerk of this Court), and there was no proof of service for Jones’s
affidavit of inability to pay costs or his notification affidavit.  See Tex. R. App. P. 9.5(a), (d).  We use
Rule 2 to suspend the service requirement of Rule 9.5 and proceed to the merits
of the mandamus.  Tex. R. App. P.
2, 9.5.

A court of appeals has no jurisdiction to issue a writ of mandamus
against a district clerk except to protect its jurisdiction.  See Tex. Gov’t Code Ann. § 22.221(b)
(Vernon 2004); In re
Bernard, 993 S.W.2d 453, 454
(Tex. App.—Houston [1st Dist.] 1999, orig. proceeding).  Jones’s application
does not allege facts that require us to protect our jurisdiction, so we do not
have jurisdiction to decide Jones’s petition for writ of mandamus against the
District Clerk.  We dismiss the petition for want of jurisdiction.

 

 

                                                                                    BILL
VANCE

                                                                                    Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Petition
dismissed

Opinion
delivered and filed July 30, 2008

[OT06]






xt-align: justify">                                                                                              Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 92-00-01954-CV
                                                                                                    

O P I N I O N
                                                                                                    

      John Alden Life Insurance Co. ("John Alden") appeals the transfer of venue from Dallas
County and a summary judgment granted to Corsicana National Bank ("Bank"). John Alden sued
the Bank in Dallas County for accepting checks with a forged indorsement. The Bank filed a
motion to transfer venue to Navarro County alleging improper venue. The court agreed and
transferred the case to Navarro County. Subsequently, the Bank moved for a summary judgment,
which the court granted. We affirm the transfer of venue from Dallas County to Navarro County. 
Because the Bank failed to meet its summary judgment burden, we reverse and remand for a trial
on the merits.
      Larry Littlejohn, an insurance agent for John Alden, devised a scheme to defraud potential
customers of John Alden. Littlejohn received checks from these customers made out to "JAL" for
John Alden annuity contracts. John Alden gave its insurance agents the authority to accept
premium checks, but only for the purpose of forwarding these checks to its headquarters. 
However, Littlejohn indorsed the checks "JAL Larry Littlejohn" and deposited them in his account
at the Bank. Littlejohn then applied these funds to his own personal use, including reducing a loan
he had with the Bank. After John Alden discovered this defalcation it pursued criminal charges
against Littlejohn, to which he plead guilty. Later, it brought suit in Dallas County against the
Bank alleging several causes of action, including conversion of the checks under section 3.419 of
the Texas UCC. Tex. Bus. & Com. Code Ann. § 3.419 (Tex. UCC) (Vernon 1994).



       In its first point of error, John Alden contends the Dallas County court erred by granting the
Bank's motion to transfer venue. On appeal, we must conduct an independent review of the entire
record to determine whether venue was proper in the ultimate county of suit. Tex. Civ. Prac.
& Rem. Code Ann. § 15.064(b) (Vernon 1986); Ruiz v. Conoco, Inc., 868 S.W.2d 752, 758
(Tex. 1993); Nelson v. American Nat. Bank of Gonzales, 921 S.W.2d 411, 414 (Tex.
App.—Corpus Christi 1996, no writ). If there is any probative evidence in the entire record,
including the trial on the merits, that venue was proper in the county where judgment was
rendered, we must uphold the trial court's determination. Ruiz, 868 S.W.2d at 758; Nelson, 921
S.W.2d at 414. If there is no such evidence, the judgment must be reversed and the case
remanded to the trial court. Id.
      John Alden failed to include in the record a statement of facts from the motion-to-transfer-venue hearing.


 In the absence of a statement of facts, we must presume that the evidence supports
the finding. Guthrie v. National Homes Corp., 394 S.W.2d 494, 495 (Tex. 1965); Nelson, 921
S.W.2d at 414. With this presumption in mind, we find that the trial court's determination of
venue was proper. Therefore, we overrule John Alden's first point of error.
      In its second point of error, John Alden complains of the summary judgment granted to the
Bank on its statutory conversion, money had and received, and unjust enrichment claims.


 The
purpose of a summary judgment is to avoid the conventional trial of clearly unmeritorious claims
or untenable defenses. Martinez v. City of San Antonio, 768 S.W.2d 911, 912 (Tex. App.—San
Antonio 1989, no writ). Its purpose is not to deprive litigants of their rights to a full, conventional
trial if there are any material questions of fact involved in the case. Id. Thus, the movant for
summary judgment has the burden of showing that there are no genuine issues of material fact and
that it is entitled to judgment as a matter of law. Nixon v. Mr. Property Management, 690 S.W.2d
546, 548 (Tex. 1985). In reviewing a summary judgment, we accept as true all evidence favorable
to the non-movant, indulging every reasonable inference and resolving any doubts in the non-movant's favor. Id. at 549. Thus, to show its entitlement to summary judgment, the Bank needed
to either disprove an essential element of each of John Alden's causes of action as a matter of law
or establish all elements of its defense as a matter of law. McDaniel v. Continental Apartments,
887 S.W.2d 167, 172-73 (Tex. App.—Dallas 1994, writ denied); Laycox v. Jaroma, Inc., 709
S.W.2d 2, 4 (Tex. App.—Corpus Christi 1986, writ ref'd n.r.e.); Menchaca v. Menchaca, 679
S.W.2d 176, 178 (Tex. App.—El Paso 1984, no writ).
      To maintain a conversion cause of action under section 3.419, John Alden must be a holder
of the instrument. Miller-Rogaska, Inc. v. Bank One, Texas N.A., No. 5-95-00767-CV, slip op.
at 4 (Tex. App.—Dallas, August 6, 1996, n.w.h.). A holder is defined as one in possession of
an instrument drawn, issued or indorsed to the party or to its order. Tex. Bus. & Com. Code
Ann. § 1.201(20) (Vernon 1994)


; Miller-Rogaska, No. 5-95-00767-CV, slip op. at 4. The
pertinent code provisions regarding issuance, delivery, and status of a holder are all predicated
on the rights of a holder, and one cannot be a holder without possession. Miller-Rogaska, No.
5-95-00767-CV, slip op. at 4; see also Rex Smith Propane, Inc. v. National Bank of Commerce,
372 F.Supp. 499, 500 (N.D. Tex. 1974) (applying Texas law). Thus, without possession, actual
or constructive, John Alden cannot be a holder. Miller-Rogaska, No. 5-95-00767-CV, slip op.
at 4. Constructive possession arises in two instances: (1) when a check is delivered to a co-payee;
or (2) when the check is actually delivered to an agent of the payee. Id.; Benchmark Bank v. State
Farm Lloyds, 893 S.W.2d 649, 651 (Tex. App.—Dallas 1994, no writ); Lincoln Nat. Bank &
Trust Co. v. Bank of Commerce, 764 F.2d 392, 398 (5th Cir. 1985) (applying Louisiana UCC
which was substantially the same as the Texas UCC). The Fifth Circuit noted in Lincoln Nat.
Bank that the check was sent to a third party, not the payee's agent or employee. Lincoln Nat.
Bank, 764 F.2d at 398. In this case, the potential customers sent their checks to Littlejohn, an
insurance agent who sold John Alden annuity contracts.
      The Bank only alleged in its motion for summary judgment that John Alden cannot recover
on its statutory conversion claim as a matter of law because it never had actual possession of the
checks. It did not address whether Littlejohn may have possessed the checks as the agent of John
Alden. Because we view the evidence in favor of John Alden, we find the Bank failed to
conclusively establish that John Alden did not constructively possess the checks through its agent. 
Miller-Rogaska, No. 5-95-00767-CV, slip op. at 4; Benchmark Bank, 893 S.W.2d at 651; Lincoln
Nat. Bank, 764 F.2d at 398. Therefore, we reverse the summary judgment granted to the Bank
regarding the statutory conversion claim.
      John Alden also alleged a money had and received cause of action against the Bank. Money
had and received is an equitable doctrine applied to prevent unjust enrichment. Miller-Rogaska,
No. 5-95-00767-CV, slip op. at 7. An action for money had and received is not grounded upon
wrongdoing, but looks to the simple justice of the case and inquires whether the Bank has received
money which rightfully belongs to John Alden. Staats v. Miller, 150 Tex. 581, 243 S.W.2d 686,
687 (1951); Miller-Rogaska, No. 5-95-00767-CV, slip op. at 7; Greer v. White Oak State Bank,
673 S.W.2d 326, 329 (Tex. App.—Texarkana 1984, no writ).
      The Bank moved for summary judgment solely on the theory that privity must exist between
the plaintiff and defendant before a plaintiff can recover under a money had and received claim. 
We find that privity is not a requirement to recover under a money had and received cause of
action. The Amarillo Court of Civil Appeals in Staats declared that "[t]o maintain an action for
money had and received there must be some privity between the parties in relation to the money
sought to be recovered." Staats v. Miller, 240 S.W.2d 342, 345 (Tex. Civ. App.—Amarillo),
rev'd, 243 S.W.2d 686 (Tex. 1951). The court goes on to explain that the petition in a money had
and received claim must allege facts from which an implied promise may be presumed. When the
Supreme Court reversed the Amarillo Court and found that a money had and received cause of
action existed, it stated "[a]ll plaintiff need show is that defendant holds money which in equity
and good conscience belongs to him." Staats, 243 S.W.2d at 687. Moreover, the Supreme Court
noted that this cause of action "aims at the abstract justice of the case, and looks solely to the
inquiry, whether the defendant holds money, which . . . belongs to the plaintiff." Id. at 687-88. 
Thus, the Supreme Court did not declare privity to be a requirement before a party can maintain
a cause of action for money had and received. Likewise, we do not require privity. Because the
Bank relied solely on the lack of privity to obtain a summary judgment on John Alden's money
had and received claim, it failed to disprove John Alden's claim as a matter of law. McDaniel,
887 S.W.2d at 172-73; Laycox, 709 S.W.2d at 4; Menchaca, 679 S.W.2d at 178. Therefore, we
reverse the summary judgment granted on the money had and received claim.
      Finally, John Alden claimed that the Bank was unjustly enriched when Littlejohn used the
proceeds of the checks to repay loans owed by him to the Bank. The Bank responded that it
received no benefit from accepting the checks because each check was credited to Littlejohn's
account. John Alden may recover under the unjust enrichment theory if the Bank obtained a
benefit from it by fraud, duress, or the taking of an undue advantage. Heldenfels Bros. v. City of
Corpus Christi, 832 S.W.2d 39, 41 (Tex. 1992); Austin v. Duval, 735 S.W.2d 647, 649 (Tex.
App.—Austin 1987, writ denied). Unjust enrichment is not a proper remedy merely because it
might appear expedient or generally fair that some recompense be afforded for an unfortunate loss
to John Alden, or because the benefits to the Bank amount to a windfall. Heldenfels Bros., 832
S.W.2d at 42.
      The Bank's motion for summary judgment failed to address the benefit it received by
Littlejohn's use of the checks to pay off loans owed to it. The fact that it credited all checks
received to Littlejohn's account is irrelevant to John Alden's allegation. Because the Bank's
motion did not rebut what John Alden alleged in its petition, the Bank failed to disprove John
Alden's cause of action as a matter of law. McDaniel, 887 S.W.2d at 172-73; Laycox, 709
S.W.2d at 4; Menchaca, 679 S.W.2d at 178. Therefore, we reverse and remand the summary
judgment granted to the Bank regarding the unjust enrichment cause of action.
      We affirm the transfer of venue to Navarro County, but reverse the summary judgment and
remand for a trial on the merits.



 
                                                                                 REX D. DAVIS
                                                                                 Chief Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed in part; Reversed and remanded in part.
Opinion delivered and filed December 18, 1996.
Do not publish