Gary MEHAN, Individually, and Gary
Mehan Autos & Parts, Inc.,
Appellants,

v.

WAMCO XXVIII, LTD., Appellee.

No. 2–03–119–CV.

Court of Appeals of Texas,
Fort Worth.

April 8, 2004.

Rehearing Overruled May 20, 2004.

Russell, Leonard & Key, P.L.L.C., John Leonard, Wichita Falls, for Appellants.

Haley & Davis, P.C., Alfred Mackenzie, Blake Rasner, Shad Robinson, Waco, for Appellee.

Panel A: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

### OPINION

TERRIE LIVINGSTON, Justice.

This is a dispute between two lienholders. In five issues, appellants Gary Mehan, individually, and Gary Mehan Autos & Parts, Inc. (together, "Mehan") challenge one finding of fact and several conclusions of law related to their counterclaim for trespass, on which the trial court rendered a take-nothing judgment in favor of appellee WAMCO XXVIII, Ltd. ("Wamco"), and the sufficiency of the evidence supporting the trial court's judgment ordering Mehan to allow Wamco to hold a sale of inventory on Mehan's real property. We affirm.

### Background Facts

Mehan sold a tract of real property, along with inventory and equipment located on the property, to Best Auto Parts, Inc. ("Best"). Best obtained financing from both Mehan and a bank; Mehan retained a first priority security interest in the real property and equipment, and the bank retained a first priority security interest in the inventory. Conversely, Mehan obtained a second priority security interest in the inventory, and the bank obtained a second priority security interest in the equipment. Best defaulted on both loans.

Wamco purchased the bank's security interest in October 2001. In January 2002, Mehan sent a letter to Wamco indicating that it intended to hold a foreclosure sale on the real property, inventory, and equipment on February 5, 2002. Wamco responded with a letter claiming a superior lien on both the equipment and inventory and threatening to sue for an

injunction to prevent the sale of the equipment and inventory. Wamco filed a declaratory judgment action asking that the trial court determine it owned a first priority security interest in both the inventory and equipment. Wamco also obtained a temporary restraining order prohibiting Mehan from foreclosing on the inventory and equipment. Wamco did not challenge Mehan's right to foreclose on the real property. Mehan purchased the real property at the foreclosure sale on February 5.

On February 18, 2002, the trial court dissolved the temporary restraining order against Mehan and denied Wamco's request for a temporary injunction. On March 20, 2002, Wamco filed an application for a second temporary restraining order, requesting that the trial court prevent Mehan from disposing of or transferring the equipment, and for the court-ordered sale of the inventory and equipment, requesting that it be allowed to sell the equipment and inventory at a nationally advertised auction to be held on the real property. The trial court did not issue a temporary restraining order or set a hearing for a temporary injunction.

On April 2, 2002, Mehan foreclosed on its interest in the equipment and inventory and purchased both at the foreclosure sale. Wamco's second priority security interest in the equipment was extinguished as a result. On April 3, 2002, Mehan filed a counterclaim for trespass, alleging it was entitled to rent because Wamco would not remove the inventory from the real property. The counterclaim further alleged

that Mehan was entitled to a statutory landlord's lien on the inventory.

In written stipulations of fact filed the day of trial, Wamco admitted it no longer claimed an interest in the equipment[1] and limited its cause of action to a determination of whether it could hold a sale of the inventory on the real property. After a bench trial, the trial court entered judgment for Wamco allowing it to conduct a sale of the inventory on the real property[2] and a take-nothing judgment in favor of Wamco on Mehan's counterclaim. The trial court filed findings of fact and conclusions of law in support of its judgment.

### Analysis

In its first two issues, Mehan challenges the trial court's determination that Wamco did not have actual or constructive possession of the inventory and that Wamco did not trespass on Mehan's real property by failing to remove the inventory at Mehan's request. Mehan also challenges the trial court's finding of fact number 45, which states that Mehan "has refused to allow a sale of the Inventory on the Real Property without first being paid the rent for use of the Real Property," as being against the great weight and preponderance of the evidence. Mehan has not challenged the following findings of the trial court:

50. The Inventory has always remained on the Real Property.

51. The Real Property was fenced, gated, and locked and WAMCO did not have a key to the Real Property or other access to the Real Property without MEHAN's prior permission.

---

1. Apparently, Wamco did not receive a complete file when it purchased the bank's loan. The stipulations filed by the parties indicate that Wamco did not discover it had only a second priority security interest in the equipment until it received a copy of a letter from the bank on November 21, 2002.

2. The judgment ordered Wamco to pay rent to Mehan while it occupied the property for the purpose of conducting the sale.

52. WAMCO's access to the Inventory was only with the permission of ME-HAN, WAMCO never moved or took any of the Inventory from the Real Property, and WAMCO was never on the Real Property without MEHAN also being present on the Real Property.

 Unchallenged findings of fact are binding unless the contrary is established as a matter of law or there is no evidence to support the findings. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986); *Reliance Ins. Co. v. Denton Cent. Appraisal Dist.*, 999 S.W.2d 626, 629 (Tex. App.-Fort Worth 1999, no pet.). Conclusions of law may not be challenged for factual sufficiency, but they may be reviewed to determine their correctness based upon the facts. *Rogers v. City of Fort Worth*, 89 S.W.3d 265, 277 (Tex.App.-Fort Worth 2002, no pet.); *Forbis v. Trinity Universal Ins. Co.*, 833 S.W.2d 316, 319 (Tex.App.-Fort Worth 1992, writ dism'd).

 Mehan contends that Wamco's use of the judicial process in an attempt to enter the real property and sell the inventory and equipment constituted either actual or constructive possession of the inventory and equipment. But Gary Mehan testified at trial that Wamco's representatives were not allowed on the real property without his permission and that the real property was locked and fenced. He further testified that he demanded Wamco remove the inventory, but it refused. In addition, Mehan stipulated that it was the owner of both the real property and the inventory. Thus, the evidence supports the trial court's unchallenged findings and its conclusion that Mehan, not Wamco, had

actual possession of the inventory and equipment.[3]

 Mehan further contends that Wamco had constructive possession of the property. " 'Constructive possession is that which exists without actual personal occupation of land or without actual personal present dominion over a chattel, but with an intent and capability to maintain control and dominion. Possession may, but need not, imply title.' " *Blankenship v. Citizens Nat'l Bank*, 449 S.W.2d 77, 79 (Tex.Civ.App.-Amarillo 1969, writ ref'd n.r.e.) (quoting *Rodella v. United States*, 286 F.2d 306, 311 (9th Cir.1960)).

Wamco's pleadings requested the trial court's intervention to prevent Mehan from foreclosing on the inventory and equipment in order to protect Wamco's interests in the property as a secured creditor. The pleadings further specifically requested that the trial court rule that Wamco had the ability to take possession of the property and sell it. Section 9.609 of the Texas Business and Commerce Code allows a secured creditor to take possession of collateral upon the debtor's default. TEX. BUS. & COM.CODE ANN. § 9.609 (Vernon 2002). Such possession can be accomplished without judicial intervention if the secured party can repossess the property without breaching the peace. *Id.* Otherwise, the secured party may utilize the judicial process to gain possession of the property in order to sell or dispose of it. *Id.*

The evidence shows that Wamco could not obtain access to the inventory without Mehan's permission or without attempting to break and enter onto Mehan's real prop-

---

3. Merely filing suit requesting that the trial court allow the secured party to take possession does not constitute the actual taking of possession. *Cf. Unicut, Inc. v. Tex. Comm. Bank–Chem.*, 704 S.W.2d 442, 445–46 (Tex. App.-Houston [14th Dist.] 1986, writ ref'd n.r.e.) (describing methods for obtaining judicial assistance in obtaining possession of collateral); *Hubbard v. Lagow*, 576 S.W.2d 163, 165–66 (Tex.Civ.App.-Austin 1979, writ ref'd n.r.e.) (same).

erty. Thus, even though Wamco was entitled to repossess the inventory and equipment under section 9.609 because Best defaulted on its loan, Wamco did not have the ability to exercise control and dominion over the inventory in accordance with section 9.609 without the assistance of a court because it could not do so without breaching the peace. *See Meyers v. Ford Motor Credit Co.*, 619 S.W.2d 572, 574 (Tex.Civ. App.-Houston [14th Dist.] 1981, no writ), *abrogated in part on other grounds by Qantel Bus. Sys., Inc. v. Custom Controls Co.*, 761 S.W.2d 302 (Tex.1988). Accordingly, we hold that the evidence supports the trial court's conclusion that Wamco did not have constructive possession of the inventory.

■ Mehan further contends that the evidence shows Wamco was a licensee with respect to the inventory, that Mehan revoked Wamco's license to keep the inventory on the property on April 5, 2002, and that once the license was revoked and Wamco failed to remove the inventory within a reasonable time, it became a trespasser on Mehan's real property. Mehan's theory of trespass is based on the premise that Wamco interfered with Mehan's right to use the real property by not exercising its discretionary rights as a secured creditor to repossess the inventory owned by Mehan subject to Wamco's lien. *See* TEX. BUS. & COM.CODE ANN. §§ 9.601, 9.609; *Cargal v. Cargal*, 750 S.W.2d 382, 385 (Tex. App.-Fort Worth 1988, no writ) (holding that trespass requires only proof of interference with right of possession of real property). Mehan cites no authority, nor have we found any, indicating that a party with a security interest in collateral located on real property commits a trespass on

that property by failing to foreclose on its security interest or repossess the collateral when the debtor is in default. Accordingly, we hold that Mehan did not prove its trespass claim against Wamco.

■ The trial court's unchallenged findings of fact and challenged conclusions of law are supported by the evidence at trial.[4] Therefore, we overrule Mehan's first and second issues.

Mehan's third and fourth issues complain about the trial court's failure to award damages and attorney's fees on its counterclaim. Because Mehan did not prove that Wamco committed a trespass on its real property, it was not entitled to damages or attorney's fees. We overrule Mehan's third and fourth issues.

■ In its fifth issue, Mehan contends that the evidence is legally and factually insufficient to support the trial court's judgment allowing Wamco to conduct a sale of the inventory on its real property because the judgment does not specify appropriate terms and conditions for the sale. *See* TEX. BUS. & COM.CODE ANN. § 9.625(a). Mehan contends that basic issues such as insurance, safety supervision, utility charges, and the rights of Mehan's lessee on the property were not addressed. However, the trial court did order that Wamco be allowed to enter the property to prepare the inventory for sale and that Wamco pay rent to Mehan for its entry onto the property for that purpose. The trial court also provided for the amount and timing of the rent payments and for the deemed abandonment to Mehan of any inventory that is left on the property after the sale. Mehan has not cited, nor have we found, any authority indicating that in

---

4. Because the unchallenged findings support the trial court's challenged conclusions of law even in the absence of finding of fact number 45, we do not address appellants' contention

that the finding is against the great weight and preponderance of the evidence. *See* TEX. R.APP. P. 47.1.

ordering a sale, the trial court must provide for all aspects of the sale to comply with section 9.625. Accordingly, we overrule Mehan's fifth issue.

Having overruled Mehan's five issues, we affirm the trial court's judgment.