COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-105-CV
  
  
BRONCO PRINTER SERVICE &                                                  APELLANT
SUPPLIES, INC.
   
V.
   
BYTE LASERECHARGE, INC.                                                      APPELLEE
  
  
------------
 
FROM COUNTY COURT AT LAW NO. 2 
OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
        In 
this suit on a promissory note, Bronco Printer Service & Supplies, Inc. 
appeals from an adverse judgment for Byte Laserecharge, Inc.  In a single 
point, Bronco contends that the evidence is legally and factually insufficient 
to support the jury’s finding that Byte was the holder of the note because the 
note was never in Byte’s possession.  We will affirm.
        A 
“holder” is a person in possession of a negotiable instrument such as a 
promissory note[2] that is payable to an identified 
person that is the person in possession. Tex. Bus. & Com. Code Ann. § 
1.201(21) (Vernon Supp. 2004-05), § 3.104(e) (Vernon 2002).  One cannot be 
a holder without possession.  See Miller-Rogaska, Inc. v. Bank One, 
Tex., N.A., 931 S.W.2d 655, 661 (Tex. App.—Dallas 1996, no writ).  
But a person who is not in possession of a promissory note is entitled to 
enforce it if: (1) the person was in possession of the note and entitled to 
enforce it when loss of possession occurred; (2) the loss of possession was not 
the result of a transfer by the person or a lawful seizure; and (3) the person 
cannot reasonably obtain possession of the note because its whereabouts cannot 
be determined. Tex. Bus. & Com. Code Ann. §§ 
3.301, 3.309(a) (Vernon 2002).[3]
        There 
are two types of possession: actual and constructive.  Constructive 
possession exists when a person does not actually possess land or chattel but 
has the intent and capability to maintain control and dominion over it.  Mehan 
v. WAMCO XXVIII, Ltd., 138 S.W.3d 415, 418 (Tex. App.—Fort Worth 2004, no 
pet.); Blankenship v. Citizens Nat’l Bank of Lubbock, 449 S.W.2d 77, 79 
(Tex. Civ. App.—1969, writ ref’d n.r.e.); see also GTE Communications 
Sys. Corp. v. Tanner, 856 S.W.2d 725, 728-29 (Tex. 1993) (holding that 
person has possession, custody, or control of documents or tangible things if 
person has the right to obtain possession of same from a third party).
        In 
this case, Mike and Jan McNicholas, Byte’s owners, agreed to sell Byte’s 
assets to Bronco for $47,000.  Closing took place at the McNicholases’ 
bank; the McNicholases, Danny Murphy, the bank’s president, Murphy’s 
secretary, and Richard F. Carbaugh, Bronco’s president, were present. Carbaugh 
provided the closing documents.  At the closing, Carbaugh, acting as 
Bronco’s agent, executed a promissory note for $47,000 payable to Byte.  
Murphy notarized the note and made copies of it, which he gave to the 
McNicholases.  Murphy returned the original note to Carbaugh, who testified 
that, at the time of trial, either he or his attorney had actual possession of 
the note.
        Neither 
Byte nor either of the McNicholases ever had actual possession of the 
note.  The evidence shows, however, that Byte obtained constructive 
possession of the note at the closing when Carbaugh, Bronco’s agent, 
surrendered actual possession of the note after signing it.  At that point, 
Byte had the intent and capability to maintain control and dominion over the 
note through the McNicholases, who were also present at the closing.  See 
Mehan, 138 S.W.3d at 418; Blankenship, 449 S.W.2d at 79.[4]
        Accordingly, 
the evidence is legally and factually sufficient to support the jury’s finding 
that Byte was the holder of the note.  See Bradford v. Vento, 
48 S.W.3d 749, 754 (Tex. 2001) (setting out legal sufficiency standard of 
review); Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965) (setting out 
factual sufficiency standard).  We overrule Bronco’s issue and affirm the 
trial court’s judgment.
  
  
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
  
  
PANEL A:   CAYCE, 
C.J.; HOLMAN and WALKER, JJ.
 
DELIVERED: February 24, 2005

NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
It is undisputed that the note in this case is a negotiable instrument, payable 
to Byte, which Carbaugh signed on Bronco’s behalf.
3.  
Although Byte did not specifically mention section 3.309 in its pleadings, the 
issue was, at the very least, tried by consent.  See Tex. R. Civ. P. 67.  Further, 
Bronco did not object to the court’s charge as being unsupported by Byte’s 
pleadings.  Therefore, Bronco’s complaint based on the lack of pleadings 
is waived. See Tex. R. App. P. 
33.1(a).
4.  
Bronco’s reliance on Rex Smith Propane, Inc. v. Nat’l Bank of Commerce 
is misplaced because the payee in that case was not present when the instrument 
was signed and never had the ability to maintain control or dominion over it 
before it was cancelled.  See 372 F. Supp. 499, 500 (N.D. Tex. 
1974).