Bronco Printer Serv., Inc. v. Byte Laserecharge, Inc.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-105-CV

BRONCO PRINTER SERVICE &   APPELLANT

SUPPLIES, INC. 

V.

BYTE LASERECHARGE, INC. APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In this suit on a promissory note, Bronco Printer Service & Supplies, Inc. appeals from an adverse judgment for Byte Laserecharge, Inc.  In a single point, Bronco contends that the evidence is legally and factually insufficient to support the jury’s finding that Byte was the holder of the note because the note was never in Byte’s possession.  We will affirm.

A “holder” is a person in possession of a negotiable instrument such as a promissory note
(footnote: 2) that is payable to an identified person that is the person in possession.  
Tex. Bus. & Com. Code Ann.
 § 1.201(21) (Vernon Supp. 2004-05), § 3.104(e) (Vernon 2002).  One cannot be a holder without possession.  
See Miller-Rogaska, Inc. v. Bank One, Tex., N.A.,
 931 S.W.2d 655, 661 (Tex. App.—Dallas 1996, no writ).  But a person who is not in possession of a promissory note is entitled to enforce it if:  (1) the person was in possession of the note and entitled to enforce it when loss of possession occurred; (2) the loss of possession was not the result of a transfer by the person or a lawful seizure; and (3) the person cannot reasonably obtain possession of the note because its whereabouts cannot be determined.  
Tex. Bus. & Com. Code Ann.
 §§ 3.301, 3.309(a) (Vernon 2002).
(footnote: 3)
 There are two types of possession:  actual and constructive.  Constructive possession exists when a person does not actually possess land or chattel but has the intent and capability to maintain control and dominion over it.  
Mehan v. WAMCO XXVIII, Ltd.,
 138 S.W.3d 415, 418 (Tex. App.—Fort Worth 2004, no pet.); 
Blankenship v. Citizens Nat’l Bank of Lubbock,
 449 S.W.2d 77, 79 (Tex. Civ. App.—1969, writ ref’d n.r.e.); 
see also GTE Communications Sys. Corp. v. Tanner,
 856 S.W.2d 725, 728-29 (Tex. 1993) (holding that person has possession, custody, or control of documents or tangible things if person has the right to obtain possession of same from a third party).

In this case, Mike and Jan McNicholas, Byte’s owners, agreed to sell Byte’s assets to Bronco for $47,000.   Closing took place at the McNicholases’ bank; the McNicholases, Danny Murphy, the bank’s president, Murphy’s secretary, and Richard F. Carbaugh, Bronco’s president, were present.  Carbaugh provided the closing documents.  At the closing, Carbaugh, acting as Bronco’s agent, executed a promissory note for $47,000 payable to Byte.  Murphy notarized the note and made copies of it, which he gave to the McNicholases.  Murphy returned the original note to Carbaugh, who testified that, at the time of trial, either he or his attorney had actual possession of the note. 

Neither Byte nor either of the McNicholases ever had actual possession of the note.  The evidence shows, however, that Byte obtained constructive possession of the note at the closing when Carbaugh, Bronco’s agent, surrendered actual possession of the note after signing it.  At that point, Byte had the intent and capability to maintain control and dominion over the note through the McNicholases, who were also present at the closing.  
See Mehan,
 138 S.W.3d at 418; 
Blankenship,
 449 S.W.2d at 79.
(footnote: 4)
 Accordingly, the evidence is legally and factually sufficient to support the jury’s finding that Byte was the holder of the note.  
See
 
Bradford v. Vento, 
48 S.W.3d 749, 754 (Tex. 2001) (setting out legal sufficiency standard of review)
; 
Garza v. Alviar
, 395 S.W.2d 821, 823 (Tex. 1965) (setting out factual sufficiency standard).  We overrule Bronco’s issue and affirm the trial court’s judgment.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN and WALKER, JJ.

DELIVERED: February 24, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
It is undisputed that the note in this case is a negotiable instrument, payable to Byte, which Carbaugh signed on Bronco’s behalf. 

3:
Although Byte did not specifically mention section 3.309 in its pleadings, the issue was, at the very least, tried by consent.  
See
 
Tex. R. Civ. P.
 67.  Further, Bronco did not object to the court’s charge as being unsupported by Byte’s pleadings. Therefore, Bronco’s complaint based on the lack of pleadings is waived.  
See
 
Tex. R. App. P.
 33.1(a).

4:
Bronco’s reliance on 
Rex Smith Propane, Inc. v. Nat’l Bank of Commerce
 is misplaced because the payee in that case was not present when the instrument was signed and never had the ability to maintain control or dominion over it before it was cancelled.  
See
 372 F. Supp. 499, 500 (N.D. Tex. 1974).