September 22, 2010

Mr. Steven C. McCraw, Director
Texas Department of Public Safety
Post Office Box 4087
5805 North Lamar Boulevard
Austin, Texas 78773-0001

Opinion No. GA-0800

Re: Whether the exemption for a person engaged exclusively in the business of repossessing property, provided by section 1702.324(b)(3) of the Occupations Code, applies only to investigative services or to all services regulated under the Private Security Act (RQ-0862-GA)

Dear Mr. McCraw:

You ask whether Occupations Code section 1702.324 exempts repossession agents from regulation when they are engaged in any activities otherwise covered by the Private Security Act (the "Act"), Occupations Code chapter 1702, or only when they are engaged in investigative activities that are essential to their repossession efforts.[1] TEX. OCC. CODE ANN. §§ 1702.001–.413 (West 2004 & Supp. 2010). The Texas Private Security Board (the "Board"), created under section 1702.021, is a part of the Department of Public Safety, and "[t]he department shall administer this chapter [1702] through the board." *Id.* § 1702.005 (West 2004); *see also id.* §§ 1702.002(1-b), (5-a) (West Supp. 2010) (defining "Board" and "Department"), 1702.021 (West Supp. 2010). The Board is responsible for licensing investigations companies and security service providers. *See id.* §§ 1702.004(a) (West Supp. 2010) (authorizing the Board to license investigations companies and security service providers); 1702.102(a) (describing security services); 1702.104 (describing investigations company). To act as an investigations company or offer to perform the services of an investigations company, a person must hold a license as an investigations company. *See id.* § 1702.101 (West 2004). Similarly, a person must be licensed as a security services contractor to "act as an alarm systems company, armored car company, courier company, guard company, guard dog company, locksmith company, or private security consultant company." *Id.* § 1702.102(a)(1) (West Supp. 2010). "A person acts as a locksmith company" if he or she "sells, installs, services, or maintains, or offers to sell, install, service, or maintain, mechanical security devices, including deadbolts and locks; . . . advertises services offered by the company using the term 'locksmith,' or "includes the term 'locksmith' in the company's name." *Id.* § 1702.1056(a); *see id.* § 1702.2227

---

[1]Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov). You identify a person within the exemption found in Occupations Code section 1702.324(b)(3) as a "repossession agent," and we will also use that term. *Id.*

(stating that an individual acts as a locksmith if the individual performs certain services); *see also id.* § 1702.221(a) (requiring individuals who perform activities regulated by chapter 1702 to register with the Board and be employed by a licensed company). Unlicensed persons who violate chapter 1702 are subject to a civil penalty. *See id.* § 1702.381.

Subchapter N, chapter 1702 provides numerous exceptions to the application of this chapter. *See id.* §§ 1702.321–.332 (West 2004 & Supp. 2010); *see also id.* §§ 1702.321(a) (West Supp. 2010) (excepting governmental officers or employees while performing official duties), 1702.322 (West Supp. 2010) (excepting peace officers). You inquire about section 1702.324(b)(3), which provides that "[t]his chapter does not apply to" various persons engaging in specified business activities, including "a person engaged exclusively in the business of repossessing property that is secured by a mortgage or other security interest." *Id.* § 1702.324(b)(3) (West Supp. 2010). You also raise section 1702.324(c), which places limits on the exemptions found in section 1702.324(b). *See id.* § 1702.324(c).

As a threshold matter, we will briefly describe "the business of repossessing property" that is exempted by Occupations Code section 1702.324(b)(3). There is no licensing requirement for repossession companies or repossession agents, but the Business and Commerce Code chapter 9, which regulates secured transactions, places certain limits on the repossession process. *See* TEX. BUS. & COMM. CODE ANN. § 9.101 (West 2002) (stating that chapter 9 may be cited as the "Uniform Commercial Code—Secured Transactions"). After a debtor's default on a secured transaction, section 9.609 authorizes the secured party to take possession of the collateral pursuant to judicial process or "without judicial process, if it proceeds without breach of the peace."[2] *Id.* § 9.609(b)(2). The secured party may contract with a repossession company to carry out a non-judicial repossession. *See, e.g., Chapa v. Traciers & Assocs.*, 267 S.W.3d 386, 389 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (noting involvement of credit corporation, repossession company, and repossession agents in a non-judicial repossession).

With this background in mind, we turn to your question. You ask whether section 1702.324(b)(3) exempts repossession agents from regulation when they are engaged in any of the activities otherwise covered by the Act or only when they are engaged in investigative activities that are essential to their repossession efforts. Request Letter at 2. You state that "[h]istorically, this exemption has been viewed as permitting repossession agents to engage in certain investigative activities, such as locating individuals holding secured property, which are integral to the repossession of property but also within the ambit of the Private Security Act." *Id.* at 1. "It has now been suggested that section 1702.324(b)(3) is a broad exemption that permits repossession agents to engage in any of the activities covered by the Act, and in particular activities otherwise limited to locksmiths, without being subject to the Act's regulatory provisions." *Id.* at 1–2. The historical view you cite is based on the fact that the exemption "was originally enacted as part of a statute

---

[2]*See Mehan v. Wamco XXVIII, Ltd.*, 138 S.W.3d 415, 418–19 (Tex. App.—Fort Worth 2004, no pet.) (determining that breaking and entering fenced, gated, and locked property to repossess inventory would constitute a breach of the peace).

which was narrowly focused on private investigators and private security activities." *Id.* at 2; *see also* Act of May 27, 1969, 61st Leg., R.S., ch. 610, § 14(a)(6), 1969 Tex. Gen. Laws 1807, 1810. The Act did not regulate locksmiths until 2003. *See* Request Letter at 2 n.5; *see also* Act of May 30, 2003, 78th Leg., R.S., ch. 936, §§ 8, 13, 2003 Tex. Gen. Laws 2795, 2797–98.

We first note that an amendment to a statute must be construed in view of the original statute, and the amendment and other sections of the statute must be construed as a harmonious whole. *See Schlichting v. Tex. State Bd. of Med. Exam'rs*, 310 S.W.2d 557, 563 (Tex. 1958). Thus, we may not ignore the provisions of the Act relating to locksmiths, even though they were adopted after the section 1702.324(b)(3) exemption for repossession agents. *See generally id.*

We read section 1702.324(b)(3) in the context of the Act as a whole. *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003) (stating that the Legislature's intent is determined from the entire act and not just isolated portions); *see also Schlichting*, 310 S.W.2d at 563 (stating that an amendment and other sections of the statute must be construed as a harmonious whole). Section 1702.324(b) provides that "*[t]his chapter* does not apply to" various persons engaging in specified business activities, thus making the chapter as a whole inapplicable to the identified persons, including repossession agents. Tex. Occ. Code Ann. § 1702.324(b) (West Supp. 2010) (emphasis added). To determine and give effect to the Legislature's intent, a court "look[s] first to the statute's language," and "[i]f the statute's language is unambiguous, its plain meaning will prevail." *Leland v. Brandal*, 257 S.W.3d 204, 206 (Tex. 2008). The "chapter" regulates a number of security companies, including locksmith companies. *See* Tex. Occ. Code Ann. §§ 1702.102(a)(1) (West Supp. 2010) (requiring locksmith company to be licensed), 1702.2865 (requiring customer authorization to perform certain locksmith services).

Thus, the section 1702.324(b)(3) exemption applies to repossession agents when they are engaged in any activities covered by the Act and not merely investigative activities, subject to the limits stated in section 1702.324(c). Section 1702.324(c) provides as follows:

> The exemptions provided by Subsection (b) apply only to a person described in that subsection while the person is performing services directly related to and dependent on the provision of the exempted service that does not otherwise require licensing under this chapter. The exemptions do not apply to activities or services that are independent of the service or profession that is the basis for the exemption.

*Id.* § 1702.324(c).[3]

---

[3]Subsection 1702.324(c) of the Occupations Code was adopted in 2007 and has not yet been construed by a judicial decision or attorney general opinion. *See* Act of May 28, 2007, 80th Leg., R.S., ch. 906, § 16, 2007 Tex. Gen. Laws 2261, 2267–68.

When section 1702.324(c) is read together with the subsection 1702.324(b)(3) exemption, we see that the exemption applies to a repossession agent only when he or she is "performing services directly related to and dependent on the provision of [repossession] . . . that does not otherwise require licensing under this chapter." *Id.*; *see Leland*, 257 S.W.3d at 206 (stating that a court determines the Legislature's intent from the plain meaning of a statute). The section 1702.324(b)(3) exemption for repossession agents does not include locksmith services "that are independent of the service" of repossession. TEX. OCC. CODE ANN. § 1702.324(c) (West Supp. 2010). Thus, it does not authorize a repossession agent to serve as a locksmith company without holding the requisite license under chapter 1702. *See id.* It merely allows such person to continue to perform ordinary repossession services that are also locksmith services without having to secure a license or registration under the Act. Whether any locksmith services are "directly related to and dependent on the provision of" repossession services involves questions of fact, which cannot be addressed in an attorney general opinion. *See* Tex. Att'y Gen. Op. Nos. GA-0648 (2008) at 7, GA-0459 (2006) at 4.

The Board has the power and duty to determine the qualifications of license holders, to investigate alleged violations of chapter 1702 and of Board rules, and to adopt rules necessary to implement chapter 1702. *See* TEX. OCC. CODE ANN. § 1702.061(d) (West Supp. 2010); *see also id.* § 1702.0611(a) (providing that the Board may only adopt rules under chapter 1702 on the approval of the Public Safety Commission). Given the Board's regulatory authority, we suggest that it make appropriate determinations about the locksmith services or other security services that are "directly related to and dependent on the provision of" repossession services. *Id.* § 1702.324(c).

## S U M M A R Y

The Private Security Act provides for licensing and regulating investigations companies and security service providers, which include locksmiths. Repossession agents are exempted from licensing under the Act for investigative and security services, but only while "performing services directly related to and dependent on the provision of the exempted service that does not otherwise require licensing under" the Act. TEX. OCC. CODE ANN. § 1702.324(c) (West Supp. 2010). This exemption applies to security services as well as investigative services. Whether any locksmith services are "directly related to and dependent on the provision of" repossession services involves questions of fact, which cannot be addressed in an attorney general opinion.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee